We'll move now to Appeal 24-2539, United States v. Quinones, and Mr. Hamernick, we'll begin with you for your oral argument. Thank you. Good morning, Your Honors. May it please the Court. My name is Jared Hamernick, and I'm here on behalf of Joseph Quinones. We think the District Court committed two procedural errors at sentencing in this case, and that those procedural errors led to a substantively unreasonable sentence. We would ask this Court to vacate and remand, and I'll do my best to reserve two minutes for rebuttal. The first procedural error that I think we see in this case, the District Court's failure to explain in an adequate way why a 150-month sentence was the appropriate sentence for Mr. Quinones. The District Court, you know, we think that the District Court's explanation fell short in a couple of ways, but I'd be happy to address any of those arguments that we've made in the brief. The one that I'd like to focus on this morning is the point that the District Court did not engage with the party's well-founded arguments for a lesser sentence. Didn't she ask, though, at the end, have I addressed your arguments in mitigation, and counsel below, who was not you, said yes? Yeah, absolutely. We're not raising a Cunningham error argument in this case. The government sort of points it out, and we don't have a problem with saying that any sort of Cunningham-type argument is waived. Our point is a different one. Our point is that the District Court, in its explanation of the sentence, has to engage, at least to some degree, with the party's well-founded arguments for a more lenient sentence. And so that's the error that we see is in the explanation, not in the addressing of the, you know, acknowledging the arguments that have been made. Undoubtedly, the court did that before it imposed sentence in this case. How is that any different? You're saying error in the explanation rather than addressing them. Aren't you essentially saying that the explanation wasn't sufficient, and the judge didn't address it sufficiently? Well, we're saying the explanation was not sufficient. We're not saying the court wasn't aware of or acknowledged the arguments. But I guess under Cunningham, I'm trying to figure out where that line is, because it sounds like the same argument to me. Sure, and I think there's some overlap in the line. I'm not trying to sort of be too cute with the court here, but I think the point is that, you know, cases like Lyons and Ferguson and Schaffner demonstrate that when the court is engaging, is explaining the sentence and is not just acknowledging the arguments that the parties have made, the court needs to take at least some effort to explain why those well-founded arguments for a lesser sentence were not, you know, how that factored into the analysis. So at the end, as Judge Brennan noted, the court asked, wasn't you, but prior counsel whether or not the court had addressed your primary arguments in mitigation? And the response was yes. That's right. And again, so I'm not taking issue with that. You're just saying she didn't sufficiently address them. So where's the line there? Unless I misunderstand something. So I think our argument is not about whether the court addressed our arguments. The argument is whether the court satisfied the legal principle that I think we see in Lyons, Ferguson and Schaffner, which is to say that the district court needs to engage with well-founded arguments for a lesser sentence, even when those arguments come from the government, right? That's what I think Ferguson stands for, is that when the district court chooses to reject the party's arguments, which it has obviously the authority to do and goes above the guidelines, at that point the court has to offer some engagement with these other alternative sentences. And that goes to the court's duty to explain itself, not necessarily its duty to engage with the party's arguments. So you're drawing a distinction between addressing or acknowledging on one side of a line and engaging on another. Is that fair? I think that's fair. And to you, engagement would mean some further explanation as to why the district court ultimately sentenced 24 months above what the government sought. Is that right? Well, that would be our position. I think it's borne out in Ferguson and Schaffner in Lyons. Yes. That's the authority that we would cite for that proposition. How is this case different than U.S. versus Weaver, where we addressed essentially the same arguments? I know it's a non-published order and not presidential, but how is it different? Sure. So it's different in a couple of ways. So in Weaver, we were making the argument that the court's procedure or process created unwarranted sentencing disparities. And that's not the argument. That's not the thrust of the argument we're making here. The argument here is primarily based on Lyons, Ferguson, and Schaffner and this idea of engaging with these other available sentences. Available is the language from Lyons. And so we're just making a different argument, I think, in that regard. And so that would be sort of the primary points. I think we're just addressing a different question in this case. If I may, I'll turn to our second procedural error here, which is that we don't think the district court adequately explained why it was deviating above the guidelines range. No doubt the court knew what it was doing. The court said that it was deviating above the guidelines range and said that there were justifiable reasons to do so. We don't think the district court anywhere in the transcript set out what those reasons were, not in any sort of explicit way. I think you could go through the transcript and pull out of context comments and offer those as the justifiable reasons, but the court didn't do that itself. And we think that Gall and Ballard are both decisions that suggest really the court is the one that bears the burden of articulating why an above-guideline sentence is required. There are, obviously, there's a lead-up to that comment that there are justifiable reasons. We see that as the court going through and explaining, here are the different things that I'm taking into account. The way that I see those is those are building blocks. Those are building blocks to a particular sentence. But those building blocks can add up to various different sentences. Mr. Quinones had argued that those building blocks added to a 96-month sentence. The government argued that they added up to a 126. And the court seemingly disagreed and said, no, that's really a 150-month sentence. And that's obviously within the court's authority. But an explanation of a deviation from the guidelines range can't rely basically on spilling the box of Legos over and saying, look, there are justifiable reasons here. There are building blocks for the sentence. And then allowing appellate counsel in this court to sort out what are the reasons. What are the reasons that this sentence and this deviation is required? To my mind, that's appellate speculation, not appellate review. And that's why a remand is required so this court can set forth those justifiable reasons. We don't really have any doubt that Judge Brady has justifiable reasons. I'm sure she does. But we don't know what they are. And I don't think we get to speculate after the fact. It's really the district court's duty to put those forth into the record and let us know what those reasons were. I think the last point that I would like to make here before I get into my rebuttal time is this. If the government's methodology here in terms of reading the transcript is correct, that you can, in essence, mine the transcript for statements that are favorable to one party's litigating position and then supply those as the justifiable reasons, to me, I think that actually is not a faithful way of reading transcripts fairly and as a whole. I also think it well could backfire because I don't see what would prevent a person in Mr. Quinonez's position from coming back and saying, hey, look, there's a Tapia error in this case. Now that would not be our position, but if you can go through and pull comments out of context and say, hey, here are the reasons, then we can look at this transcript and see that the court was very concerned about Mr. Quinonez's mental health concerns, his substance abuse, his alcoholism, and the court then went above and beyond what the parties had asked for and posed a longer sentence and may have done so in order to account for those rehabilitative concerns. Now, again, we don't think that's the right way to read this transcript, but that's because we think the comments have to be read in the context in which they were made, and the context in which those comments were made was that the court was explaining what it was considering, not describing why it was doing what it did. With that, I'll save my time for rebuttal, if I may. Very good. Thank you, Mr. Hamernack. Mr. Whalen, we'll move to you for argument on behalf of the government. May it please the Court. I'm Efemi Whalen here, again, on behalf of the United States of America. The district court did not procedurally or substantively err in imposing this sentence, and so did we ask that you affirm. I guess I think the argument, as I understood it in the opening brief, was this court can't consider what the district court said prior to hearing from the parties. That was the argument in Weaver. That was the issue this court decided, albeit an unpublished opinion. This court noted in Weaver that Weaver insists the district court's initial discussion of the 3553A factors cannot be considered, and the court said we cannot agree. That's what this court decided. I don't think there's any reason to reach a different result in this case, and I don't necessarily hear defense arguing at this point that you can't consider it. I think their position is more, and I don't want to put words in their mouth, that the district court's initial discussion was not actually a consideration of the 3553A factors, but was kind of an off-the-cuff comment that had the court committed, for example, a tapia error, they wouldn't be coming back and arguing on appeal that that was a procedural error because that wasn't an analysis of the 3553A factors. Respectfully, I think they would be coming up and arguing there was a tapia error had the court said at some point prior to hearing from the parties, and I should make your sentence longer to account for mental health reasoning. But I think on the facts of this case, reading the transcript as a whole, which is a theme for me today apparently, the district court was saying it was considering the 3553A factors at kind of this initial discussion at pages 9 and 10 of the sentencing transcript, or 9 and 10 of the appendix. The court's talking in terms of mitigating and aggravating factors. It's talking about the defendant's criminal history. It lists nine of his prior convictions. The court talks about, as I considered all of the 3553A factors. It's signaling to this court, to the defense, to the government, this is its analysis of the 3553A factors. It seems like that's a procedure this district court judge routinely employs. Is that fair? That's fair, Your Honor. I think where I've seen her not do it necessarily is if there's further evidence from the parties, and I think that's important distinction. In this case, as in Weaver, as I remember, there was no additional evidence when she fronted the consideration of the 3553A factors. I think if a district court expects further evidence, she'd ask the parties, is there more evidence coming? I think if she expects different evidence, she sometimes holds back on her analysis of the 3553A factors because those can be affected by the evidence in the case. Here, there was no evidence forthcoming. In fact, the arguments the parties made, both the government and the defense, were entirely consistent with everything they said in their sentencing memo. There really wasn't any new ground read here, and so there was no reason for the court to go back and reconsider its analysis of the 3553A factors. In terms of a different signal as to how you know that this is Chief Judge Brady's consideration of the 3553A factors is on page 27 of the appendix. She says, as I discussed in mitigation, when she's kind of imposing the sentence, the only previous discussion in mitigation is everything prior to hearing from the parties. So either she is just flat wrong and she never discussed something in mitigation, which I don't think is the right way to read the transcript, or she's reincorporating what she previously said prior to hearing from the parties, and I don't think there's anything wrong with that procedure as long as the court keeps an open mind. And there's no evidence in this case Chief Judge Brady did not keep an open mind after hearing from the parties. As I understand the arguments, we're no longer in kind of a Cunningham era. I think the defense rightfully acknowledges the district court, or he waived any argument the district court didn't consider and address as principal arguments in mitigation. I think the cases like Shofner and Lyons that he relies upon are concerned with the substance of the court's explanation and not whether it grapples with the party's arguments. That's two different lines of case law. Shofner says that you can't say I considered the arguments without more and then imposed the sentence. Lyons says you can't give a rote statement and then impose the sentence. Those are about did the court adequately explain with reference to the 3553A factors its sentence? And here Chief Judge Brady did adequately explain her sentence. She referenced the defendant's nine prior convictions, the recidivism rate that was kind of going one after the other, the fact that they're escalating in violence, the fact that the offense conduct in this case is him pulling a gun on an employee at McDonald's because they aren't serving French fries at 830 in the morning. Does the Cunningham procedure, if it is followed, moot the Lyons and Shofner concern? No, I don't think so, Your Honor, because those cases aren't about principal arguments in mitigation and whether the court considered it. They're about whether the court adequately explained the sentence. So you agree with Mr. Hamrick that those are separate issues? Yeah, I think a court, no matter, you can't insulate a sentencing by saying have I addressed your principal arguments in mitigation and then say a rote statement under 3553A. You have to adequately explain your sentence with regards to all the 3553A factors. The problem in Lyons and Shofner is that the court didn't adequately explain the sentence. The problem in the Cunningham cases is the court didn't address the defendant's principal arguments in mitigation. We think the district court did appropriately and adequately explain its sentence with regards to the 3553A factors. And to be clear, Chief Judge Brady didn't only focus on the government's position, and I don't think our brief said that to the extent that it did. I apologize. Because we tried to note that she, in fact, considered the defendant's mitigation arguments quite extensively, actually, prior to hearing from the parties. And that was the defendant's main argument. I'm sorry, I said mitigation as childhood. His position was that childhood was a strong argument in mitigation, and Chief Judge Brady considered that. She talked about his homelessness. She talked about his abusive parents. She talked about his troubled childhood. That all happens at pages 8, 9, and 10 of the sentencing transcript. And then again, she reincorporates that as pages 27 and 28. Because she procedurally, appropriately justified the sentence, I think that kind of knocks the substantive argument out of the way as well, because as I understand it, the position is because she gave no weight at all to the 3553A factors, the appropriate 3553A factors, the sentence is substantively unreasonable. It's our position that she gave them adequate weight. This Court shouldn't re-weigh the factors. Just confirm that she did give them enough attention and detail to satisfy the not particularly onerous standard of explaining a sentence. Unless this Court has any further questions. Thank you, Mr. Whalen. Thank you. We would ask you to affirm. Thank you. Mr. Hamernick, we'll go back to you now for rebuttal argument. I think our essential point in this case is that there's an epistemological void. We know what the Court considered and we know what the Court ultimately did, but we don't know why. We don't know that intervening epistemological question. Why, based on all those considerations, which point in different directions. You have 3553A factors that favor Mr. Quinonez and you have aggravating factors that favor the government. You have Mr. Quinonez's really awful childhood that points in the direction of a lesser sentence. And I don't think you see the District Court resolving the tension between those facts that point in different directions. And that's the explanation that's missing. So we agree with the government that there's a difference between acknowledging arguments of mitigation and explaining a sentence. What we think is missing here is that point, is the explanation was missing. I also didn't hear my friend on the other side address our points about the lack of explanation for the deviation from the guidelines range. And we think it's just very clear under United States v. Gall that you have to address that part of the sentence specifically. We don't think the District Court did that. And so we would ask this Court to vacate and remand for resentencing. Thank you, Mr. Hamernick. Thank you, Mr. Whalen. The case will be taken under advisement.